UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHERRI G. LEHMANN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 04-2630 |
| GE GLOBAL INSURANCE HOLDING CORP., ET AL. | * | SECTION "L" (4) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**I.   PROCEDURAL HISTORY**

This lawsuit arises from a Louisiana state court lawsuit regarding an automobile accident that occurred on August 26, 1991. In the automobile accident, Sherri Lehmann, the Plaintiff, was injured in a motor vehicle collision with a dump truck owned by the Parish of St. Tammany and operated by one of its employees. As a result, on August 27, 1992, the Plaintiff brought a lawsuit in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Louisiana, against the St. Tammany Parish Police Jury and Gallagher Bassett Services, as the alleged insurer of the Parish. The Plaintiff subsequently dismissed Gallagher Basset Services without prejudice.

The Defendants in the instant case, GE Global Insurance Holding Corp., Coregis Insurance Company, and International Insurance Company, were not parties to the state court lawsuit. International Insurance Company receive its first notice of the existence of the state court lawsuit on August 21, 2001, six days before commencement of the trial. International Insurance Company did not attempt to intervene in the state court lawsuit or have the matter continued.

1

On April 16, 2002, after a three-day bench trial occurring on August 27, 29, and 30, 2001, the state court trial judge rendered a judgment in favor of Sherri Lehmann and against the Parish of St. Tammany in the amount of $784,607.42, together with legal interest from the date of judicial demand and for all costs. Furthermore, after Sherri Lehmann filed a rule to tax costs, the state court granted her motion and set her costs at $6,172.09.

Consequently, the Parish of St. Tammany appealed the state trial court's judgment to the Louisiana First Circuit Court of Appeal, which affirmed the judgment on July 2, 2003, and awarded Sherri Lehmann appeal costs in the amount of $430.00. The Parish of St. Tammany did not apply for a rehearing, nor did it apply for a writ of certiorari to the Louisiana Supreme Court.

International Insurance Company had issued a policy of liability insurance to the Parish of St. Tammany, which was in effect on August 26, 1991, the date of the motor vehicle collision. Generally, the policy covered damages caused to others by the negligence of the Parish of St. Tammany and its employees. International Insurance Company was purchased by Coregis Insurance Company. Coregis Insurance Company is a wholly owned subsidiary of GE Global Insurance Holding Corp.

On August 23, 2004, Sherri Lehmann filed the present lawsuit in Louisiana's Twenty-Second Judicial District Court for the Parish of St. Tammany against the Defendants seeking to recover the damages owed to her from the Parish of St. Tammany as a result of the underlying state court lawsuit. On September 22, 2005, the Defendants removed the lawsuit to this Court. Sherri Lehmann alleges that International Insurance Company's insurance policy with the Parish of St. Tammany was in effect at the time of the motor vehicle collision and covered the Parish for its liability to a pay a judgment rendered against it. Sherri Lehmann further alleges that

Coregis Insurance Company assumed all of International Insurance Company's assets and liabilities and, as such, is responsible for paying her judgment. In addition, since Coregis Insurance Company is the wholly owned subsidiary of GE Global Insurance Holding Corp., Sherri Lehmann asserts that GE Global Insurance Holding Corp. is also responsible for paying her judgment.

In opposition, the Defendants do not challenge any of the factual allegations asserted by Sherri Lehmann. Instead, the Defendants contend that certain legal defenses preclude Sherri Lehmann's recovery of her judgment against them. First, the Defendants allege that Sherri Lehmann's claims are prescribed. Second, the Defendants argue that Sherri Lehmann's claims are barred by *res judicata*. Third, the Defendants contend that Sherri Lehmann's claims are barred by the terms of the insurance policy between the Parish of St. Tammany and International Insurance Company. Lastly, the Defendants assert that Sherri Lehmann's suit must be dismissed because the Plaintiff has failed to join the Parish of St. Tammany, as required by Louisiana's Direct Action Statute.[1]

This lawsuit was set for bench trial on March 13, 2006. Prior to trial, the parties agreed to have the trial submitted for adjudication solely on the briefs. After considering the briefs and all the exhibits, the Court issues the following findings of fact and conclusions of law. To the extent that a finding of fact constitutes a conclusion of law, the Court adopts it as such. To the extent that a conclusion of law constitutes a finding of fact, the Court adopts it as such.

## II.    FINDINGS OF FACT

1.   On August 26, 1991, Sherri Lehmann was injured in a motor vehicle collision

---

[1] La. Rev. Stat. § 22:655(B).

with a dump truck owned by the Parish of St. Tammany and operated by one of its employees.

2.	On August 27, 1992, Sherri Lehmann filed suit in the Twenty-Second Judicial District Court for the Parish of St. Tammany against the St. Tammany Parish Police Jury for her injuries resulting from the August 26, 1991 motor vehicle collision.  *Sherri Lehmann v. St. Tammany Parish Police Jury*, No. 92-13381 (22nd Jud. Dist. Ct.)

3.	None of the Defendants in the present lawsuit were named as defendants in the state court lawsuit.

4.	On August 21, 2001, six days before trial in the state court lawsuit, the Defendants received notice of the pending state court lawsuit.

5.	The Defendants did not intervene in the state court lawsuit and did not attempt to obtain a continuance of the state court trial.

6.	The state court trial on the merits was held on August 27, 29, and 30, 2001.

7.	On April 16, 2002, after the trial on the merits, the state trial court issued a judgment in favor of Sherri Lehmann and against the Parish of St. Tammany in the amount of $784,607.42, together with legal interest from the date of judicial demand until paid and for all costs.

8.	On Sherri Lehmann's motion, the state trial court fixed costs and expert fees in the amount of $6,172.09.

9.	The Parish of St. Tammany appealed the judgment of the state trial court to the Louisiana First Circuit Court of Appeal.

10.	On July 2, 2003, the Louisiana First Circuit Court of Appeal affirmed the trial court's judgment and awarded Sherri Lehmann appeal costs in the amount of $430.00.

11. The Parish of St. Tammany did not apply for rehearing to the First Circuit Court of Appeal and did not apply for a writ of certiorari to the Louisiana Supreme Court.

12. The state court judgment became final and definitive on August 4, 2003, the first legal day after the thirty-day deadline for applying for a writ of certiorari to the Louisiana Supreme Court.

13. International Insurance Company issued a policy of liability insurance to the Parish of St. Tammany, which was in effect on August 26, 1991, the date of the motor vehicle collision.

14. Coregis Insurance Company was a successor in interest to International Insurance Company and assumed International Insurance Company's liabilities under the policy of liability insurance between the Parish of St. Tammany and International Insurance Company.

15. Coregis Insurance Company is a wholly owned subsidiary of GE Global Insurance Holding Corp.

16. Pursuant to the Comprehensive Annual Financial Report of St. Tammany Parish for the Fiscal Year Ending December 31, 2004, which was released on July 13, 2005, the Parish of St. Tammany's assets exceeded its liabilities by $251,198,932. Of this amount, $63,223,441 may be used to meet the Parish's ongoing obligations to citizens and creditors.

17. Pursuant to the Comprehensive Annual Financial Report of St. Tammany Parish for the Fiscal Year Ending December 31, 2003, which was released on July 14, 2004, the Parish of St. Tammany's assets exceeded its liabilities by $226,895,185. Of this amount, $47,503,703 may be used to meet the Parish's ongoing obligations to citizens and creditors.

**III.    CONCLUSIONS OF LAW**

1.     No judgment against the state of Louisiana, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.  La. Const. art. XII, § 10.  St. Tammany is a political subdivision of the state and, as such, the Plaintiff cannot enforce her judgment against it.  *See, e.g.*, *Foreman v. Vermillion Parish Police Jury*, 336 S.2d 986, 988 (La. App. 3 Cir. 1976).

2.     The policy of liability insurance between International Insurance Company and the Parish of St. Tammany covered the Parish for its liability to pay the judgment rendered against it in *Lehmann v. St. Tammany Parish Police Jury*, No. 92-13381 (22nd Jud. Dist. Ct.).

3.     The Defendants' defense of prescription has already been considered by the Court and resolved in favor of Sherri Lehmann.  *Lehmann v. GE Global Insurance Holding Corp.*, No. 04-2630, Order and Reasons at 11 (E.D. La. June 20, 2005) (Rec. Doc. 35).

4.     The Defendants' defense of *res judicata* has already been considered by the Court and resolved in favor of Sherri Lehmann.  *Id*. at 5-8.

5.      The Defendants' defense that Sherri Lehmann's claims are barred by the terms of the insurance policy between the Parish of St. Tammany and International Insurance Company has already been considered by the Court and resolved in favor of Sherri Lehmann.  *Id*. at 9-10.

6.     Louisiana's Direct Action Statute provides injured persons a right of direct action against an insurer within the terms and limits of the policy at issue.  La. Rev. Stat. § 22:655(B)(1).  The action may be brought against the insurer alone or against the insured and insurer jointly and in solido.  *Id*.  The action, however, may be brought against the insurer alone

only when: (1) the insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction; (2) the insured is insolvent; (3) service of citation cannot be made on the insured; (4) the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons; (5) the insurer is an uninsured motorist carrier; or (6) the insured is deceased. *Id*.

7. Insolvency occurs when the total of a person's liabilities exceed the total of his assets. La. Civ. Code art. 2037. Inability to collect a judgment from a person, for whatever reason, does not, by itself, render that person insolvent.

8. Under Louisiana's Direct Action Statute, any judgment that is rendered against an insured for which the insurer is liable and which shall have become executory is prima facie evidence of the insolvency of the insured. Therefore, considering that a judgment has been rendered against the Parish of St. Tammany—the insured—for which the Defendants—the insurers —are liable and has become executory, there is prima facie evidence that the Parish of St. Tammany is insolvent.

9. Despite the prima facie evidence that the Parish of St. Tammany is insolvent, the Parish has come forward and rebutted the presumption by showing that it by virtue of its total assets exceed its total liabilities. Sherri Lehmann's inability to collect her judgment against the Parish pursuant to Article 10, Section 12 of the Louisiana Constitution, does not render the Parish insolvent.

10. Under a clear reading of Louisiana's Direct Action Statute, which is facially unambiguous, none of the other enumerated exceptions to suing an insurer alone exist in this

lawsuit.

11.     Since none of the enumerated exceptions to suing an insurer alone exist in this lawsuit, the Plaintiff has not complied with the joinder procedures of the Louisiana Direct Action Statute and, as a result, her lawsuit must be dismissed.

## IV.  CONCLUSION

On the basis of the foregoing findings of fact and conclusions of law, the Court concludes that this lawsuit must be dismissed.[2]

IT IS SO ORDERED.

New Orleans, Louisiana, this   12th   day of   April, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] This is an unfortunate result.  The Plaintiff was legitimately injured and, in turn, obtained a legitimate judgment against the Parish of St. Tammany from a court of competent jurisdiction.  As a litigation tactic, the Plaintiff purposely did not join the Defendants in her state court lawsuit because she did not want a jury trial.  The Plaintiff, however, has not been able to collect from the Parish because of article 12, section 10 of the Louisiana Constitution.  The Court suspects that the Parish is unwilling to pay the judgment because it failed to comply with the notice requirements of its insurance contract with the Defendants and, as such, would not be reimbursed by the Defendants.  Accordingly, the Plaintiff brought this lawsuit to recover against the Defendants, but did not prevail because of procedural defects under the Louisiana Direct Action statute.  Therefore, as a result, there is an injured, uncompensated Plaintiff unable to recover against the judgment debtor Parish because the Parish was derelict in notifying the Defendants, who wind up in the position of having collected premiums from citizens of the Parish without the obligation to pay for the Parish's negligence—money for nothing.